UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIE G. LEE, | * | |
| | * | |
| Plaintiff | * | |
| | * | CIVIL CASE NO. |
| v. | * | |
| | * | |
| OMEGA PROTEIN CORPORATION AND F/V ANNA, | * | |
| | * | JURY DEMAND |
| | * | |
| Defendants. | * | |

*************************************************************************

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff complains of Defendant Omega Protein Corporation and F/V ANNA, and would respectfully show the Court that:

**I.**

**Jurisdiction and Venue**

1. This action is within the admiralty and maritime jurisdiction of this Court.

2. This claim is maintained under the Jones Act and the general maritime law of the United States.

3. Venue is proper in this district because Defendant is subject to personal jurisdiction here. 28 U.S.C. § 1391.

**II.**

**The Parties**

4. Plaintiff is a person of full age of majority and a citizen of the State of Alabama. As an American seaman, Plaintiff brings this action under the Jones Act without the prepayment of costs or the necessity of depositing security.

5. Defendant Omega Protein, Inc. is a Virginia corporation with its principal place of business in Louisiana and may be served with process by serving its registered agent, CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

6. Defendant F/V ANNA is a vessel that is within this District or will be during the pendency of this lawsuit. Plaintiff requests that service of process on the F/V ANNA be held in abeyance.

**III.**

**Factual Allegations**

7. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about October 23, 2009. At that time, Plaintiff was acting in furtherance of his employment by attempting to remove fish from a net. While Plaintiff attempted to remove the fish, a co-worker attempted to pull the slack out of the net, causing Plaintiff to fall overboard. As a result, Plaintiff suffered severe and permanent injuries to his back, head, neck, legs, and other parts of his body.

8. Defendants are negligent for the following reasons:

a. failure to properly supervise their crew;

b. failure to properly train their employees;

c. failure to provide adequate safety equipment;

d. failure to safely operate their vessel;

e. operating the vessel with an inadequate crew;

f. operating the vessel with an obvious dangerous condition;

g. vicariously liable for their employees' negligence; and

h. other acts deemed negligent.

9. On the date in question the F/V ANNA on which Plaintiff worked was unseaworthy.

10. As a result of this occurrence, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

11. Despite Plaintiff's severe and extensive injuries, he has not been paid maintenance and cure. As a Jones Act seaman, Plaintiff is entitled to maintenance and cure benefits due to his injuries suffered on the job. Thus, Plaintiff seeks recoupment of past maintenance and cure benefits, and requests that the Court order that Defendants begin paying adequate maintenance and cure benefits from this day forward. Moreover, Plaintiff alleges that Defendants' failure to pay maintenance and cure is arbitrary, capricious, willful, and wanton given the undeniable fact that Plaintiff was injured on the job and has not reached maximum medical improvement. Thus, Plaintiff seeks punitive damages.

## IV.

## Jury Demand

12. Plaintiff demands a trial by jury.

## V.

## Prayer

13. For these reasons Plaintiff asks that Defendants be cited to appear and answer and that Plaintiff have judgment against Defendants for the following:

a. Actual damages;

b. Exemplary damages as allowed by law;

c. Pre-judgment and post-judgment interest as allowed by law;

d. Costs of suit;

e. Attorneys' Fees;

f. Maintenance and Cure benefits; and

g. All other relief, in law and equity, to which Plaintiff may be entitled.

Respectfully submitted,

Robert P. Wynne
Louisiana State Bar No. 30123
ARNOLD & ITKIN LLP
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800

Michael E. Pierce (*To appear Pro Hac Vice)*
Texas State Bar No. 24039117
Gabe T. Vick (*To appear Pro Hac Vice*)
Texas State Bar No. 24063046
ARNOLD & ITKIN LLP
5 Houston Center
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**ATTORNEYS FOR PLAINTIFF**