UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WILLIE G. LEE                                              CIVIL ACTION

Versus                                                     NO. 10-00387

OMEGA PROTEIN CORP. ET AL.                                 SECTION: "F"

ORDER AND REASONS

Before the Court is the defendants' motion to alter or amend the judgment, or in the alternative, for a new trial.  Plaintiff asserts that the Court erred in excluding: (1) a jury instruction on the defendants' cure obligation, and (2) the question of cure from the jury's verdict form.  For the reasons that follow, the motion is DENIED.

**Background**

This suit arose from an injury plaintiff suffered while working on board his employer's fishing vessel, trying to remove fish from a net.  Plaintiff claimed he fell from the boat into water and hurt his back and neck.  Plaintiff asserted numerous negligence claims under the Jones Act.

The Court held a jury trial in this case between July 25 and July 27, 2011.  Plaintiff lost.  The Court entered judgment on August 25 in favor of defendants.

I.

Rule 59(e) of the Federal Rules of Civil Procedure provides

1

that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  Fed.R.Civ.P. 59(e).[1]  Rule 60(b), on the other hand, applies to motions filed after the 28-day period, but demands more "exacting substantive requirements."  Lavespere v. Niagara Machine & Tool Works, 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994)(en banc).  Because judgment was entered in favor of the defendants on August 25, 2011, and the plaintiff filed his motion to alter or amend that judgment on August 31, 2011, Rule 59(e) applies to the plaintiff's motion.

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"  Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).  Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Id. at 478-79.  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d

---

[1] Rule 59 had formerly adopted 10-day periods for post-judgment motions; however, the rule was amended in 2009 to expand the 10-day period to 28 days.

2

413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The grant of such a motion is an "extraordinary remedy that should be used sparingly."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479).  The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts."  Templet, 367 F.3d at 479.

                                II.

     Plaintiff fails to meet the high standard that Rule 59 imposes for altering or amending a judgment.  The Court heard the testimony at trial and determined that neither party submitted evidence on the issue of maximum medical cure to justify a cure instruction to the jury, or the inclusion of the cure issue on the jury verdict form.  Dr. Roman's testimony as to potential treatment options for the plaintiff did not establish whether the

                                 3

plaintiff's condition is likely to improve or not.  It was nothing more than a list of various possible alternatives.

The plaintiff also fails to show that he had no obligation to make a maintenance and cure demand prior to trial, which he had not done.  Plaintiff makes no showing of a manifest error of law or fact.

Accordingly, IT IS ORDERED: that the plaintiff's motion to alter or amend the judgment or, in the alternative, for a new trial is DENIED.

New Orleans, Louisiana, September 21, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE